UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

TIMY HAKIM,

                            Defendant.

- - - - - - - - - - - - - - - - - - X

**SEALED INDICTMENT**

21 Cr. ___ (___)

21 CRIM 259

## COUNT ONE
(Wire Fraud Conspiracy)

The Grand Jury charges:

1. From at least in or about 2015 through at least in or about November 2019, in the Southern District of New York and elsewhere, TIMY HAKIM, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud in violation of Title 18, United States Code, Section 1343.

2. It was a part and an object of the conspiracy that TIMY HAKIM, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause

to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, HAKIM and his coconspirators, through online and telephonic communications, induced various individuals and businesses (collectively, the "Victims") to transfer funds from the Victims' respective bank accounts to bank accounts controlled by HAKIM and his coconspirators, by misrepresenting that these funds would be used for particular purposes, for example, loans to purported romantic partners, advance fees required to access purported lottery winnings, and the payment of Victims' business expenses, when in fact, the funds were used and intended to be used to enrich HAKIM and his coconspirators.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
(Wire Fraud)

The Grand Jury further charges:

3. From at least in or about 2015 through at least in or about November 2019, in the Southern District of New York and elsewhere, TIMY HAKIM, the defendant, willfully and knowingly, having devised and intending to devise a scheme and

artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, HAKIM and others known and unknown, through online and telephonic communications induced various individuals and businesses (collectively, the "Victims") to transfer funds from the Victims' respective bank accounts, including via interstate wire from a bank account in the Southern District of New York, to bank accounts controlled by HAKIM and his coconspirators, by misrepresenting that these funds would be used for particular purposes, for example, loans to purported romantic partners, advance fees required to access purported lottery winnings, and the payment of Victims' business expenses, when in fact, the funds were used and intended to be used to enrich HAKIM and his coconspirators.

(Title 18, United States Code, Sections 1343 & 2.)

**COUNT THREE**
(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

4. From at least in or about January 2018 through at least in or about March 2018, in the Southern District of New York and elsewhere, TIMY HAKIM, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to violate the money laundering laws of the United States.

5. It was a part and an object of the conspiracy that TIMY HAKIM, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) & (B), to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR
(Money Laundering)

The Grand Jury further charges:

6. From at least in or about January 2018 through at least in or about March 2018, in the Southern District of New York and elsewhere, TIMY HAKIM, the defendant and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) & (B), to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956 and 2.)

## FORFEITURE ALLEGATIONS

7. As a result of committing the offenses alleged in Counts One and Two of this Indictment, TIMY HAKIM, the

...

defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

    8. As a result of committing the offenses alleged in Counts Three and Four of this Indictment, TIMY HAKIM, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

    9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or

deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

  (Title 18, United States Code, Sections 981 & 982;
   Title 21, United States Code, Section 853; and
   Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**TIMY HAKIM,**

Defendant.

---

**SEALED INDICTMENT**

21 Cr. ___ (___)

(18 U.S.C. §§ 1343, 1349, 1956, and 2.)

*/s/ Foreperson*

AUDREY STRAUSS
United States Attorney.